JAMES C. NIELSEN (111889)
  jnielsen@nielsenhaley.com
AUGUST L. LOHUARU (222359)
  alohuaru@nielsenhaley.com
NIELSEN, HALEY & ABBOTT LLP
523 West Sixth Street, Suite 635
Los Angeles, California 90014
Telephone:  (213) 239-9009
Facsimile:  (213) 239-9007

*Attorneys for Defendant*
United National Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWIN K. MARZEC, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NATIONAL INSURANCE COMPANY, a corporation; AON DIRECT GROUP, INC., a corporation; and DOE 1 through DOE 100, inclusive,<br><br>Defendants. | Case No.: CV-08-02542 R (RZx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW RE UNITED NATIONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

After consideration of the papers submitted in support of and in opposition to defendant United National Insurance Company's motion for summary judgment, and oral argument of counsel, the Court determines that the following facts have been established:

## UNCONTROVERTED FACTS

1.    United National Insurance Company ("United") issued a policy of professional-liability insurance to Edwin K. Marzec A Law Corporation, effective from September 20, 2007 to September 20, 2008, No. LDP0900147.

[Evidence Supporting United National Insurance Company's
Summary Judgment Motion ("Evidence"), Exhibit A to
Declaration of Cheryl A. Mawby ("Mawby Decl."),
¶ 3, page 2].

2.    The insuring agreement of United's policy states in relevant part:
INSURING AGREEMENTS
COVERAGE—PROFESSIONAL LIABILITY
The Company will pay on behalf of the INSURED all sums in excess
of the deductible that the INSURED becomes legally obligated to pay
as DAMAGES . . . by reason of any act, error, omission or
PERSONAL INJURY arising out of Professional Services rendered or
that should have been rendered by the INSURED . . . and arising out
of the conduct of the INSURED's profession as a Lawyer . . . .

[Evidence, page 208, United National Insurance Company's Request
for Judicial Notice of Complaint of Edwin K. Marzec v. United National
Insurance Company, et al., ("Marzec Complaint"), Exhibit A to Marzec
Complaint ("United Policy"), page 1 of 7 of United Policy].

3.    United's policy contains, among others, the following exclusions:
EXCLUSIONS

1    This policy does not apply to any CLAIM:

2    * * *

3    C.    based upon or arising out of any INSURED's activities as an

4          officer, director, partner, manager or employee of any company,

5          corporation, operation or organization other than the Named

6          Insured;

7    D.    arising out of or in connection with the conduct of any business

8          enterprise other than the Named Insured (including the

9          ownership, maintenance or care of any property in connection

10         therewith) which is or was owned by any INSURED or in which

11         any INSURED is or was a partner, or which is or was directly or

12         indirectly controlled, operated or managed by any INSURED

13         either individually or in a fiduciary capacity;

14         . . .

15   [Evidence, page 210; United Policy, page 3 of 7].

16         4.    On or about December 19, 2007, United received a tender by Marzec,

17   through Aon Insurance Services, requesting defense in an Ohio bankruptcy

18   proceeding—to wit, *In Re ARTER & HADDEN, LLP, Debtor, MARC P. GERTZ,*

19   *CHAPTER 7 TRUSTEE Plaintiff, vs. HARRY D. CORNETT, JR., ET AL,*

20   *Defendants, Case No. 03-23293 Chapter 7, Adversary No. 05-1489*, venued in the

21   United States Bankruptcy Court, Northern District of Ohio – Eastern Division

22   (hereinafter "Gertz Action").

23         [Evidence, Mawby Decl. ¶ 4; Exhibit A to Mawby Decl., pages 4-180].

24         5.    On November 16, 2007, an adversary proceeding was commenced by

25   Mark P. Gertz, Chapter 7 Trustee, in the United States Bankruptcy Court for the

26   Northern District of Ohio – Eastern Division.

27         [Evidence, Exhibit A to Mawby Decl., pages 6-7].

28

6.     The adversary proceeding included a complaint (hereinafter "Gertz Complaint") that named Edwin Marzec among many defendants.

[Evidence, Exhibit A to Mawby Decl., pages 8-180].

7.     The Gertz Complaint contained, among others, the following allegations:

- Arter & Hadden LLP is the Debtor in the adversary proceeding and is (or was) a limited liability partnership.  [Gertz Complaint, ¶ 2, page 6]

- Arter & Hadden was one of the nation's oldest law firms, formed in Cleveland in 1843.  [Gertz Complaint, ¶ 29, page 20]

- Arter & Hadden grew from a firm of about 70 lawyers in the 1970s to a national law firm of about 465 lawyers by 1988.  [Gertz Complaint, ¶ 29, page 20]

- Arter & Hadden maintained its principal office in Cleveland and had several others throughout the United States, including one in Los Angeles.  [Gertz Complaint, ¶ 2, page 6]

- Arter & Hadden's day-to-day operations were controlled through its Executive Committee, Managing Partner, and various denominated Management Committees and Subcommittees—collectively referred to in the Gertz Complaint as "Firm Management." [Gertz Complaint, ¶ 25, page 18]

- The Gertz Complaint identifies numerous persons alleged to have been part of Firm Management, and does include Edwin Marzec among them.  [Gertz Complaint, ¶¶ 27-28, pages 18-19]

- By the late 1990s, Arter & Hadden found itself financially stressed as a result of its aggressive growth strategies, a softening economy, and the bursting of the technology bubble.  [Gertz Complaint, ¶ 33, pages 20-21]

[Proposed] Statement of Uncontroverted Facts and Conclusions of Law Re United National Insurance Company's Motion for Summary Judgment

- By early 2001, some or all of the members of Firm Management concluded that Arter & Hadden had slipped "outside the zone of competitiveness" to become "the most heavily indebted firm in the country" with a debt to equity ratio that was "even worse."  [Gertz Complaint, ¶ 37, page 21]

- A March 31, 2002, liquidation analysis prepared with a management consultant revealed that Arter & Hadden had a negative net worth of more than $8.8 million.  [Gertz Complaint, ¶ 38, pages 21-22]

8.      The Gertz Complaint also alleges that some members of Arter & Hadden's Firm Management and certain other partners who controlled substantial books of business—a so-called "Core Group:"

. . . began to contemplate for themselves an exit strategy or Plan B, whereby the debts of the firm would be sloughed off, while they could emerge with most of the essential assets still intact under "Arter & Hadden 2" or some combination of successor firms, i.e., newly created firms retaining the best performing offices, attorneys, and most profitable clients.

[Gertz Complaint, ¶¶ 39, 41, pages 22-23].

9.      The Gertz Complaint details the manner in which the Core Group allegedly sought to implement its Plan B strategy to "loot" Arter & Hadden through liquidation and numerous improprieties as the firm slipped further into insolvency.

[Gertz Complaint, ¶¶ 41-82, pages 22-33]

10.      The Gertz Complaint alleges 16 causes of action (counts) against one or more of several categories of defendants.

[Gertz Complaint, ¶¶ 83-166, pages 34-51].

11.      These categories of defendants include:

- Equity Partners  [Gertz Complaint, ¶ 4, pages 7-9];

5

[Proposed] Statement of Uncontroverted Facts and Conclusions of Law Re United National Insurance Company's Motion for Summary Judgment

- Individual Actors and/or Mediate Transferees  [Gertz Complaint, ¶ 5, pages 9-10];
- Non-Equity Partners  [Gertz Complaint, ¶ 6, pages 10-12];
- Former Equity (paid-out) Partners  [Gertz Complaint, ¶¶ 7-8, pages 12-13];
- Settling Manager (Ronald Warner)  [Gertz Complaint, ¶ 9, page 13];
- Successor Firms (comprised of certain former Arter & Hadden, LLP partners)  [Gertz Complaint, ¶¶ 10-11, pages 13-15];
- Mediate Transferee (Andrews & Kurth, LLP)  [Gertz Complaint, ¶¶ 12-13, pages 15-16];
- Employee/Agent (Frank A. LaManna)  [Gertz Complaint, ¶ 14, page 16]; and
- John Does 1-30 (unnamed former attorneys or partners of Arter & Hadden, LLP)  [Gertz Complaint, ¶ 15, page 16].

12.    The Gertz Complaint identifies and names Edwin Marzec as a defendant in only one of the above categories: Non-Equity Partners.

[Gertz Complaint, ¶ 6, page 11 (named defendant "GG")]

13.    Of the 16 counts in the Gertz Complaint, only 6 are brought against the Non-Equity Partners—and by extension, Marzec—and involve capital accounts, asset transfers, and accounting issues:

- **Count I** – Action for Turnover and Accounting Against Recipients of the 2002 and 2003 Withdrawals of Capital [Gertz Complaint, ¶¶ 84, 86, page 34; Prayer for Relief A, page 51];
- **Count II** – Action for Turnover and Accounting Against Recipients of Pending Legal Matters  [Gertz Complaint, ¶¶ 90-91, page 35; Prayer for Relief B, page 51];

[Proposed] Statement of Uncontroverted Facts and Conclusions of Law Re United National Insurance Company's Motion for Summary Judgment

- **Count IV** – Action for Constructive Fraud/Successor Liability  [Gertz Complaint, ¶ 102, page 38; Prayer for Relief D, page 52];

- **Count VI** – Action for Constructive Fraud  [Gertz Complaint, ¶ 113, page 40; Prayer for Relief F, page 52];

- **Count XV** – Action to Recover Preferential Transfers and/or Subordinate "Bounce Back" Claims  [Gertz Complaint, ¶¶ 163-164, pages 50-51; Prayer for Relief O, page 53]; and

- **Count XVI** – Request for Equitable Subordination of All Claims of Defendants  [Gertz Complaint, ¶ 166, page 51; Prayer for Relief P, page 53].

14.     The remaining counts in the Gertz Complaint—the ones in which Gertz alleges tortious activity—are not alleged against the Non-Equity Partners category and, by extension, are not alleged against Marzec:

- **Count III** – Action for the Recovery of Fraudulent Transfers  [Gertz Complaint, ¶¶ 92-98, pages 36-37; Prayer for Relief C, page 52 (i.e., this count is alleged against the defendants in the Equity Partners, Individual Actors, and Successor Firms categories)];

- **Count V** – Action for Actual Intend to Defraud [Gertz Complaint, ¶¶ 103-107, pages 38-39; Prayer for Relief E, page 52 (i.e., this count is alleged against the defendants in the Equity Partners, Individual Actors, and Successor Firms categories)];

- **Count VII** – Action for Breach of Fiduciary Duties to Debtor  [Gertz Complaint, ¶¶ 114-120, pages 40-42; Prayer for Relief G, page 52 (i.e., this count is alleged against the defendants in the Equity Partners, Individual Actors, and Successor Firms categories)];

- **Count VIII** – Action for Damages Arising from Deepening Insolvency [Gertz Complaint, ¶¶ 121-128, pages 42-43; Prayer for

[Proposed] Statement of Uncontroverted Facts and Conclusions of Law Re United National Insurance Company's Motion for Summary Judgment

Relief H, page 52 (i.e., this count is alleged against the defendants in the Equity Partners and Individual Actors categories, and individual defendant LaManna)];

- **Count IX** – Action for the Recovery of Money or Damages for Fraudulent Transfers  [Gertz Complaint, ¶¶ 129-133, pages 43-44; Prayer for Relief I, page 52 (i.e., this count is alleged against the defendants in the Equity Partners, Individual Actors, and Successor Firms categories)];

- **Count X** – Action for Civil Conspiracy  [Gertz Complaint, ¶¶ 134-143, pages 44-46; Prayer for Relief J, pages 52-53 (i.e., this count is alleged against the defendants in the Equity Partners, Individual Actors, and Successor Firms categories, and individual defendant LaManna)];

- **Count XI** – Action for Successor Liability  [Gertz Complaint, ¶¶ 144-147, page 46; Prayer for Relief K, page 53 (i.e., this count is alleged against the defendants in the Successor Firms category)];

- **Count XII** – Action for Legal Malpractice  [Gertz Complaint, ¶¶ 148-153, pages 46-48; Prayer for Relief L, page 53 (i.e., this count is alleged against individual defendants Harry Cornett, Jr., Mark S. Solomon, Daniel Bailey, and Nick Cavalieri, and John Does 1-30)];

- **Count XIII** – Action for Negligence  [Gertz Complaint, ¶¶ 154-156, pages 48-49; Prayer for Relief M, page 53 (i.e., this count is alleged against the Firm Management including the Settling Managers category and individual defendant LaManna)]; and

- **Count XIV** – Action to Recover Property [Gertz Complaint, ¶¶ 157-160, page 50; Prayer for Relief N, page 53 (i.e., this count is alleged

[Proposed] Statement of Uncontroverted Facts and Conclusions of Law Re United National Insurance Company's Motion for Summary Judgment

against the defendants in the Individual Actors, Settling Managers, and Mediate Transferees categories)].

15.     On January 2, 2008, United declined Marzec's tender of defense, disclaimed coverage, and notified in writing Marzec and his counsel of United's decision.

[Evidence, Mawby Decl., ¶ 5, Exhibit B to Mawby Decl.].

16.     Thereafter, United received a letter dated January 3, 2008 from Marzec's counsel responding to United's January 2, 2008 disclaimer letter.

[Evidence, Mawby Decl., ¶ 6, Exhibit C to Mawby Decl.].

17.     On January 14, 2008, United sent a letter to Marzec's counsel responding to his January 3, 2008 letter.

[Evidence, Mawby Decl., ¶ 7, Exhibit D to Mawby Decl.].

18.     United later received a complaint Marzec had filed on February 26, 2008, in the Los Angeles County Superior Court, related to United's decision to disclaim coverage.

[Evidence, Mawby Decl., ¶ 8; Evidence, pages 197-227, United National Insurance Company's Request for Judicial Notice of Complaint of Edwin K. Marzec v. United National Insurance Company, et al., Exhibit A to Marzec Complaint].

///
///
///
///

9

[Proposed] Statement of Uncontroverted Facts and Conclusions of Law Re United National Insurance Company's Motion for Summary Judgment

Based on the foregoing Uncontroverted Facts, the Court now makes its,

## CONCLUSIONS OF LAW

1.     Defendant United National Insurance Company ("United") is entitled to judgment as a matter of law regarding the complaint of Edwin K. Marzec ("Marzec") because there is no genuine issue as to any material fact remaining for trial.

2.     There is no actual or potential for coverage under the professional-liability policy United issued to Marzec with respect to Gertz Complaint, which forms the basis for Marec's complaint and causes of action against United.

3.     Under the insuring agreement in United's policy, there is no actual or potential for coverage because Marzec was not sued for anything he did (or did not do) as a lawyer rendering professional services for others.

4.     Exclusion C in United's policy also precludes coverage because the Gertz Complaint is based on Marzec's activities as a partner in a non-insured partnership—the Arter & Hadden firm.

5.     Exclusion D in United's policy also precludes coverage because the Gertz Complaint arises from conduct of a non-insured business in which Marzec was a partner—the Arter & Hadden firm.

6.     Since there is no actual or potential for coverage, Marzec's cause of action for bad faith also fails.

7.     Judgment shall be entered in United's favor consistent herewith.

Dated:  August 5, 2008

_____
Hon. Manuel L. Real
United States District Court Judge

[Proposed] Statement of Uncontroverted Facts and Conclusions of Law Re United National Insurance Company's Motion for Summary Judgment